IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>          Plaintiff,<br><br>    vs.<br><br>LARRY, Unit Manager; JEFF, Employee - SS2; and MARSHA, Therapist/Social Worker,<br><br>          Defendants. | 8:20CV377<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against three employees at the NRC in their individual capacities, requesting $500,000 in punitive damages for a First Amendment violation and to be released from the NRC because of its "unsafe and prejudice environment." (Filing 1 at CM/ECF p. 6.)

Plaintiff alleges that a fellow patient told him to "shut up" because he was talking to another individual while others were trying to watch television. Plaintiff pointed out to Defendants that the NRC rulebook "states that the volume of the TV is to be low enough so that conversations can be hea[r]d," but Plaintiff claims he was "told it's not therap[e]utic to talk to others over the TV." (*Id.*)

Plaintiff charges the NRC with violating its own rulebook; throwing patients "under the bus" when patients raise concerns through the proper channels; and fostering an unsafe environment when individuals who are the subject of complaints retaliate.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff fails to state a claim upon which relief can be granted. First, the remedy of release from custody is not cognizable in an action brought pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Ivey v. Gibson*, No. 4:07CV3242, 2008 WL 1960140, at *1 (D. Neb. May 2, 2008).

Second, while civilly committed individuals retain the First Amendment "'right to utter,'" *Karsjens v. Piper*, 336 F. Supp. 3d 974, 993 (D. Minn. 2018) (quoting *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965)), "[a]ny form of involuntary

confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012) (internal quotation marks and citations omitted). When a prison regulation allegedly impinges on an inmate's constitutional rights, the regulation is valid if it "is reasonably related to legitimate institutional and therapeutic interests." *Karsjens*, 336 F. Supp. 3d at 992.

Here, Plaintiff fails to allege any facts indicating how Defendants asking Plaintiff to lower his voice when he was in the midst of others who were attempting to watch television was not reasonably related to legitimate institutional or therapeutic interests (not to mention common courtesy). And Plaintiff makes no factual allegations whatsoever supporting his broad and conclusory claims that "NRC is going to . . . throw us patients under the bus, roll the whole concern under the rug or downright excuse the complaint as 'NRC Patients lie and manipulate'"; NRC is "an unsafe and prejudice [sic] environment [and] not therap[e]utic by any way"; and the NRC uses its grievance system "as a way to get back at the patients." (Filing 1 at CM/ECF p. 6.)

To the contrary, Plaintiff's allegations are like those in *Sorenson v. Minnesota Dep't of Human Servs.*, No. 20-CV-501, 2020 WL 7481756, at *17 (D. Minn. Nov. 13, 2020), *report and recommendation adopted,* No. 20-CV-501, 2020 WL 7425233 (D. Minn. Dec. 18, 2020) (addressing civil committee's claim that defendants violated First Amendment by confiscating memo distributed to other patients attempting to garner participation in lawsuit):

> Plaintiff's allegations that his right of freedom of speech has been censored are at best minimal, conclusory, and ultimately insufficient to sustain a Section 1983 claim. Moreover, federal courts have not traditionally intervened in the internal affairs of confinement facilities and instead adopted a broad hands-off attitude toward problems of prison administration. The constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system. Plaintiff's bare assertions that any restrictions on Plaintiff assisting other MSOP clients with their legal matters are unconstitutional and that Defendants censored

3

his free speech are mere legal conclusions couched as factual allegations. As such, the Court is not bound to accept them as true. Without alleging how Defendants' actions were not reasonably related to a legitimate interest, Plaintiff fails to articulate any viable First Amendment violation. Plaintiff's self-entitled First Amendment claims are simply not actionable as alleged.

*Sorenson*, 2020 WL 7481756, at *17 (internal quotation marks and citations omitted).

Accordingly,

IT IS ORDERED:

1. Plaintiff's claims are dismissed without prejudice for failure to state a claim upon which relief can be granted; and

2. Judgment shall be entered by separate document.

DATED this 22nd day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge